CHARLES A. GRUBER (7391)
P.O. Box 900122
Sandy, UT 84090
Telephone: 801-523-0110
Fax: 801-523-3630
gruberattorney@yahoo.com

DAVID L. MORGAN, (9205)
The Law Offices of David L. Morgan
211 E. Main Street
Lehi, UT 84043
Telephone: (801) 623-1911
Fax: (801) 655-0652
attorneymorgan@mstar.net
Attorneys  for Plaintiffs

---

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| ROBERT JAMES TALBOT AND | : |
| LINDA CHARLOTTE TALBOT, AS PARENTS AND HEIRS OF SHAWN ROBERT TALBOT, DECEASED and PERSONAL REPRESENTATIVES OF THE ESTATE OF  SHAWN ROBERT TALBOT, DECEASED | : **COMPLAINT AND JURY DEMAND** |
| Plaintiffs, | : Civil No. _____ |
| vs. | : Judge _____ |
| U.S. EXTRADITION SERVICES, INC; U.S. EXTRADITION SERVICES, LLC; GORDON BROOKS; GREGORY REED;  and DOES 1-25 | : |
| Defendants. | |

---

Plaintiffs Linda Talbot and Robert Talbot  allege as follows:

## PARTIES, JURISDICTION & VENUE

1.      Plaintiffs Linda Talbot and Robert Talbot  (hereinafter "Plaintiffs" )  were at the time of the Accident described herein  residents of the State of Utah living in Utah County of Utah and were the parents of Shawn Robert Talbot, deceased. They are also the co-personal representatives of the Estate of Shawn Robert Talbot, deceased.

2.      Shawn Robert Talbot ("hereinafter "Decedent"), born 4-13-79,  is the son of the Plaintiffs Linda Talbot and Robert Talbot. The Decedent and the Plaintiffs were or are residents of the State of Utah.

3.      Defendant  U.S. EXTRADITION SERVICES, INC.

(collectively  "EXTRADITION SERVICES DEFENDANTS") is a foreign business entity believed to be a corporation or some other business entity incorporated in the  State of Delaware doing business in the State of Utah and other states with offices located in Austin, Texas and Stockton, California and other states, but not including Arkansas. Defendants operate an  extradition and transportation service as a private entity contracting with various governmental entities across the United Sates, including the State of Utah,  for the transportation of prisoners. The Defendants operate a nation wide high profile business which advertises its extradition and prisoner transportation services in all states including the State of Utah.

2

4.      Defendant U.S. EXTRADITION SERVICES, LLC (collectively "EXTRADITION SERVICES DEFENDANTS") is a foreign business entity doing business in the State of Utah and located in Austin, Texas and Stockton, California and other states, but not including Arkansas, which operates an extradition service as a private entity contracting with various governmental entities for the transportation of prisoners. The Defendants operate a nation wide high profile business which advertises its extradition and prisoner transportation services in all states including the State of Utah.

5.      The EXTRADITION SERVICES DEFENDANTS contracted with a government entity to drive into the State of Utah and take custody of the Decedent in the State of Utah from a correctional facility operated by a governmental entity in the State of Utah. By contracting to come into the State of Utah and by traveling into the State of Utah to take custody of a resident of Utah, these Defendants subjected themselves to the laws of the State of Utah.  These Defendants hold  themselves  out to the public as a business entity which  transports prisoners and/or arrestees for law enforcement  agencies, including Corrections, and Detentions Centers.  These Defendants also hold themselves out to the public and advertise that they provide transportation for Juvenile Justice, State Parole, Public Defenders, and Probation Offices throughout the entire Untied States. The Defendants operate a nation wide high profile business which advertises its extradition and prisoner transportation services in all states including the State of Utah.

6.      Defendant  Gordon  Brooks  (collectively  "EXTRADITION  SERVICES DEFENDANTS") is an employee or agent of the EXTRADITION SERVICES DEFENDANTS

and is  believed to be a resident of State of Texas and was the owner of the motor vehicle for and on behalf of the EXTRADITION SERVICES DEFENDANTS. At the time of the Accident, Gordon Brooks was the President and Director of Operations of the EXTRADITION SERVICES DEFENDANTS, and the motor vehicle was part of the fleet of multi-person vans used by the   EXTRADITION SERVICES DEFENDANTS to transport prisoners such as the Decedent. The motor vehicle  was marked and identified as such as displayed in the EXTRADITION SERVICES DEFENDANTS advertisements and solicitations.

7.      Defendant   Gregory Reed (collectively "EXTRADITION SERVICES DEFENDANTS") is an employee or agent of the EXTRADITION SERVICES DEFENDANTS and is a  resident of State of  Texas and is believed to be the driver of the motor vehicle at the time of the Accident. Defendant Reed was not adequately trained or certified to operated the motor vehicle at the time of the Accident. Defendant Gregory Reed was the permissive user of the motor vehicle which the EXTRADITION SERVICES DEFENDANTS were using to transport the Decedent at the time of the Accident.  Defendant Reed was negligent in the operation of EXTRADITION SERVICES DEFENDANTS' motor vehicle. That negligence was the proximate cause of the Accident and the death of the Decedent.

8.      Defendants DOES 1-25   (collectively "DEFENDANTS") were in some way responsible for the negligence and resulting harm  as described in this Complaint and their negligence  actually and proximately contributed to the Plaintiff's damages.  Plaintiffs are informed and believe that at least some of these DOE Defendants were the agents and/or

employees of the named Defendants or in some way contributed the Plaintiff's injuries. Some of these DOE Defendants were acting within the scope of their employment of the named Defendants and thus those named Defendants are liable under a theory of respondeat superior. Some of these DOE Defendants may also be corporate entities, limited liability entities, or any other similar form of business entity with  which the Defendants have an ownership, management interest,  legal or contractual relationship to provide functions and duties for which the Defendants are responsible but have delegated those functions or duties relating to the operation of the Defendants' business.   As their identities become known, the Doe Defendants will be identified.  Other persons or entities that in some way caused or contributed to the cause of the negligence described herein and the injuries sustained by the Plaintiff may be designated as DOE Defendants.  If and when such persons or entities are discovered,  this Complaint will be amended to identify those DOE Defendants. The Plaintiff alleges each and every cause of action for his  injuries against each and every one of these DOE Defendants

9.      It is the Defendants'  stated objective is to  provide a service  as a private business entity to transports prisoners and/or arrestees for law enforcement  agencies, including Corrections, and Detentions Centers and to provide transportation for Juvenile Justice, State Parole, Public Defenders, and Probation Offices throughout the entire Untied States.

10.      The Defendants represent that they own and operate a fleet of highly maintained vehicles which assures that persons using their transportation services and

extradition services will have their orders dispatched efficiently, and the prisoners delivered on time. The Defendants represent in solicitations for advertisements that the Defendants are proud of their safety record, which they claim is one of the best in the nation. The Defendants further represent in their advertisements that the Defendants' focus on safety benefits their drivers/Agents and helps protect the liability interest of persons who retain their services to extradite and transport prisoners.

11.    On  June 27, 2008, the Defendants accepted  the duty and responsibility of transporting the Plaintiff as a passenger and to assist in extraditing and transporting the Decedent in a safe manner so as not to cause injury or death to the Decedent.

12.    On  June 27, 2008, the Defendants additionally had the duty and responsibility of transporting the Plaintiff as a passenger and to assist in extraditing and transporting the Decedent as a common carrier from the State of Utah. The Defendants were transporting multiple persons on June 27, 2008 for hire.  As such, the Defendants were a common carrier. As a common carrier the Defendants, had the highest duty and responsibility  to provide a reasonablely safe transport  for the Plaintiff as a passenger on extradition and transportation service vehicle operated by the Defendants.

13.    Plaintiff claims damages in excess of $75,000 in this action, exclusive of interest and costs, to be established at trial.

## JURISDICTION AND VENUE

14.    Jurisdiction and venue in this court are proper pursuant to 28 U.S.C. § 1332 based on diversity.   This is a wrongful death action brought by the Plaintiffs as the parents

and heirs of the Decedent.  The Decedent was a resident of the State of Utah at the time of his death. The Plaintiffs as parents and heirs of the Decedent  are and were at the time of the wrongful death of the Decedent,  residents of Utah County, State of Utah.

15.    The motor vehicle accident which caused the Decedent's death occurred  in Union County, State of Arkansas.

16.    The Plaintiffs as parents and heirs of the Decedent have been both appointed co-personal representatives for the estate of the Decedent on May 14, 2010 in the Fourth Judicial District of the State of Utah, Utah, County.  The State of Utah has jurisdiction over the distribution fo the estate of the Decedent as it relates to any survivor action to be determined in conjunction with the wrongful death action. Any award that may be attributable to the survival action related to the wrongful death of the Decedent would be a part of the estate of the Decedent and would be handled through the estate proceedings of the pending estate action filed in the Fourth Judicial District of the State of Utah.

17.    The Decedent was born and raised in the State of Utah and was a resident of the State of Utah at the time of his death which resulted from the negligence of the Defendants. All witnesses familiar with the relationship between the  Plaintiffs, as heirs and parents of the Decedent,  and the Decedent and who can testify about that relationship reside in the State of Utah. All witnesses who can testify as to the life and development of the Decedent including but not limited to the steps taken by the Decedent to rehabilitate his life before his death live in the State of Utah.

18.    Plaintiffs allege that a substantial part of the events, but not all of the events, giving rise to the Plaintiffs' wrongful death claim took place in the State of Utah.

19.    Plaintiffs are informed and believe and on that belief allege that the Defendants were hired to drive their motor vehicle van into the State of Utah for the purpose of obtaining and taking custody of the Decedent in Utah and then to extradite  and  transport the Decedent out of the State of Utah.  The motor vehicle trip which resulted in the wrongful death of the Decedent began in the State of Utah. By driving into the State of Utah and operating and doing business in the State of Utah pursuant to their extradition and transportation service, the Defendants subjected themselves to the laws of the State of Utah.

20.    The Defendants advertised their services across the United States, including the State of Utah,  via their internet advertisements and other advertisements in other media advertisements and stated that they would travel into different States, including the State of Utah,  in the United States to take custody of and to transport prisoners. The Defendants solicited business from persons and government entities including the State of Utah and other government entities in the State of Utah stating that the Defendants  would come into those States and take custody of prisoners held in those States, including Utah, and extradite and  transport prisoners in a safe manner from different points in the county to other points in the county including transporting the Decedent from the State of Utah to another State.

8

21.    The Defendants are believed to be incorporated in the State of Delaware or some other state but who do business in the State of Utah.  The Defendants drove into the State of Utah to take custody of and to transport the decedent from a jail facility in Utah County, State of Utah to a facility another state and subjected themselves to the laws and jurisdiction of the State of Utah and this Court.

22.    The Decedent   suffered serious physical injuries and died as the proximate cause of the Defendants' negligence.

23.    The negligent acts of the Defendants caused injury within the State of Utah in that the Plaintiffs as residence of Utah suffered the loss of their son, a Utah resident,  as a result of the negligence of the Defendants.

24.     This complaint is timely and properly filed with this Court. Venue and jurisdiction is proper in this Court.

25.    The special and general damages and the value of the Plaintiffs' wrongful death action are in excess of $75,000 and in an amount to be proven at trial.

**<u>BACKGROUND FACTS</u>**

26.   The Defendants were hired  to drive into the State of Utah to take custody of the Decedent and extradite and transport the Decedent to a correctional facility in another State.   Just prior to June 27, 2008, the Defendants took custody and control of the Decedent in the State of Utah and proceeded to drive him across state lines.   The Defendants made stops in other States picking up other prisoners. By the early morning hours of June 27, 2008, the Defendants were traveling through Union County, State of

Arkansas. The Defendants' employee and driver  fell asleep while driving the Defendants' motor vehicle, and the motor vehicle  crashed and rolled killing the Decedent. The Decedent's hands and feet were shackled at the time of the Accident.

27. On June 27, 2010, the Defendants owed the Decedent  a duty to operate their motor vehicle in a safe manner. They failed to do so.  The Defendants and each of them breached  their duty of care and breached their duty  to the Decedent by negligently operating the motor vehicle.

28. On June 27, 2010, the Defendants further failed to take adequate steps to provide for the safety of the Decedent and the other persons being transported by failing to have adequate safety devices in the vehicle and failing to instruct their employees and insure that the prisoners in their care and custody appropriately used safety devices in the vehicle while transporting the prisoners. The Defendants advertised that they would transport persons put into their care and custody in a safe manner and advertised that their motor vehicles were safe and had safety devices.

29. As a proximate cause of the Defendants' negligence and the breach of their duty to the Decedent, the Decedent  suffered serious traumatic injuries and died at the scene of the Accident.  The Decedent's injuries were catastrophic in nature and caused extreme pain and suffering to the Decedent prior to his death and subjected him to extreme emotional distress prior to his death.  The Decedent died along the side of the road away from his family and friends.  The Plaintiffs as the Decedent's  parents and heirs were denied

the opportunity to visit with and see the Decedent before he died. The Decedent died alone and away from his home, family, and friends and among strangers.

## FIRST CLAIM FOR RELIEF
(Negligence Against Defendants)

30.    The Plaintiffs incorporate herein by reference all paragraphs of this Complaint.

31.    On June 27, 2008, the Decedent was under the care custody and control of the Defendants as a passenger in the motor vehicle operated by the Defendants.

32.    On June 27, 2008, Defendants had the obligation and duty and responsibility of providing for the security, health and safety of the Decedent as a passenger on the motor vehicle as he was being transported.

33.    On June 27, 2008, the Defendants were driving their motor vehicle northbound on U.S. 167 in Union County, State of Arkansas. The Defendants' agent and employee who was driving the vehicle negligently fell asleep and negligently allowed the motor vehicle to cross over the on coming lane of traffic and to leave the road way. The Defendants' other employee attempted to grab the steering wheel, but the Defendant's motor vehicle eventually became airborne and after returning to the ground rolled over at least twice.

34.    On or about June 27, 2008, the Defendants' and their employee were inattentive, failed to maintain a proper outlook, and failed to stay awake and alert. Due to the Defendants negligence and inattention, the Defendants failed to operate their motor vehicle in a safe manner causing the vehicle to leave the roadway, go airborne and to roll

twice causing substantial damage to the vehicle and causing serious and fatal bodily injury to the Decedent.

35.   Before and at the time off the accident, the Defendant negligently   failed to operate their vehicle safely,  in violation of local and State traffic statutes and ordinances.

36.   The Defendants  negligently failed to operate their motor  vehicle with due care and breached their  duty of  care to the Decedent.  That negligence and the breach of that duty to the  Decedent  was   the  proximate  cause  of  fatal  bodily  injuries  suffered  by  the Decedent  and  the  Decedent's  death  and  was  the  proximate  cause  of  the  Plaintiffs' damages.

37.   The Decedent was a fault free passenger who was unable to avoid the collision and was not negligent in any way. He feet and hands were shackled, and he was helpless to take any action to protect himself. The Defendants knew or should have know that the Decedent was shackled and should have, but did not,  take precautions to ensure that the Decedent was secured by safety devices in the motor vehicle. This failure to do so was a contributing proximate cause of the Decedent's death.

38.   The negligence of the Defendants was the actual, proximate, and legal  cause of this accident and the Decedent's fatal  injuries and death and was the actual, proximate, and legal  cause of the Plaintiffs' loss of their son.

39.    The Defendants owed the Decedent  a duty to operate their motor vehicle in a safe and reasonable manner and  to employ, train, and supervise persons to provide a safe and transport, and to train employees and to supervise those employees  so as to

protect the Decedent.  The Defendants breached this duty by failing to adequately select, employ,  train and supervise its employees resulted in the Decedent's fatal injuries and resulted in the Plaintiffs' son dying.

40.     The negligence of the Defendants and their employees was the actual and proximate cause of the Plaintiffs' damages as described in this Complaint.

41.      As a further proximate and legal cause of the Defendants' negligence, the Plaintiffs have endured pain and suffering in both body and mind in an amount to be established at trial.

42.     As a proximate and legal cause of the Defendants and each of their negligence as described herein, the Decedent died as a result of the Defendants' negligence.

43.      As a proximate and legal cause of the Defendants and each of their negligence, the Plaintiffs and each of them sustained the loss of the love and consortium of their family and filial relationship with the Decedent.

44.      As a proximate and legal cause of the Defendants and each of their negligence, the Plaintiffs and each of them lost  the financial and emotional support that they would have received from the Decedent had he not died.

45.      As a proximate and legal cause of the Defendants and each of their negligence,  the Plaintiffs suffered emotional and psychological damage and the pain, anguish, and mental suffering resulting from the Decedent's injuries and death including the loss of love and the loss of their physical and emotional relationship with the Decedent.

46.     As a proximate and legal cause of the Defendants and each of their negligence, the Plaintiffs suffered non economic damages, including the pain and suffering, both mental and physical.

47.     As a direct and proximate result of the death of the Decedent, the Plaintiffs have sustained a loss of loss of love, companionship, comfort, care, assistance, protection, affection, society, moral support, and the loss of the enjoyment of other relations and other incidents incumbent with a  child and the parent child relationship.

48.     As a direct and proximate result of the negligence of the Defendants and each of them, the Plaintiffs have suffered and will continue to suffer a loss of consortium and other benefits in an amount that will be proven at the time of trial.

49.     As the proximate result of the negligence of the Defendants and each of them,  the Decedent died on June 27, 2008.

50.     As the proximate result of the negligence of the Defendants and each of them, Plaintiffs, as the Decedent's parents and heirs,  suffered the loss of the society, comfort, care, and companionship of their son and incurred special and general damages relating to medical care and burial expenses and other expenses in an amount to be proved at trial.

51.     The negligence of the Defendants caused Plaintiffs  emotional distress and depression, and loss of enjoyment of life.

52.     The Plaintiffs  have suffered damages in the past, continue  to suffer them presently, and will continue to suffer them into the future.

53.  As a proximate and legal cause of the Defendants and each of their negligence, it is probable  that the Plaintiffs have suffered and will continue to suffer into the future all of the damages alleged in any and all paragraphs in this Complaint.   Each of these damages and consequences of these injuries suffered by the Plaintiffs is  likely to continue for the rest of the Plaintiffs' lives.

## SECOND CLAIM FOR RELIEF

(Negligence *Res Ipsa Loquitur* Against All Defendants)

54.   The Plaintiffs incorporate   herein by reference each  and  every paragraph, inclusive, of this Complaint.

55.  On or about   June 27, 2008, the instrumentality, place and location, that is the motor vehicle, was under the exclusive management and control of the Defendants.

56.  On or about   June 27, 2008, the Defendants negligently did not provide for the safety of the Decedent and failed to operate the motor vehicle safely.

57.  On or about  June 27, 2008, the Defendants  failed to meet the  highest degree of care to the Decedent that it owed the Decedent as a common carrier including but not limited to operating the motor vehicle in a safe manner and failing to insure that the Decedent and the other passengers were secure and safely positioned and secured by safety devices in the motor vehicle.

58.   The accident which occurred and the injuries which the Decedent  sustained were of a kind that ordinarily would not have occurred in the absence of the negligence on the part of the Defendants, that is, had the Defendants' employee and driver not fallen

asleep while driving the motor vehicle and had the Defendants' employee and driver not negligently operated the motor vehicle.

59.     There is no apparent responsible cause of the aforesaid accident other than the negligence of the Defendants as described herein.

60.     Under the doctrine of *res ipsa loquitur*, the actions and the negligence of the Defendants speak for themselves as an act of negligence for which the Defendants are liable as a matter of law.

61.     The Decedent  was not negligent in any way, and was a fault free passenger under the care, control and custody of the Defendants. The Plaintiffs were not negligent in any way.

62.     The negligence of the Defendants and each of them and their agents and employees as described herein were the actual and proximate cause of this accident and the Decedent''s injuries and death.

63.     As a proximate cause of the Defendants' negligent conduct, the Decedent suffered catastrophic physical injuries and death.

64.     As a proximate and legal cause of the Defendants and each of their negligence as described herein, the Decedent died as a result of the Defendants' negligence.

65.      As a proximate and legal cause of the Defendants and each of their negligence, the Plaintiffs and each of them sustained the loss of the love and consortium of their family and filial relationship with the Decedent.

66.     As a proximate and legal cause of the Defendants and each of their negligence, the Plaintiffs and each of them lost the financial and emotional support that they would have received from the Decedent had he not died.

67.     As a proximate and legal cause of the Defendants and each of their negligence,  the Plaintiffs suffered emotional and psychological damage and the pain, anguish, and mental suffering resulting from the Decedent's injuries and death including the loss of love and the loss of their physical and emotional relationship with the Decedent.

68.     As a proximate and legal cause of the Defendants and each of their negligence, the Plaintiffs suffered non economic damages, including the pain and suffering, both mental and physical.

69.     As a direct and proximate result of the death of the Decedent, the Plaintiffs have sustained a loss of loss of love, companionship, comfort, care, assistance, protection, affection,  society, moral support, and the loss of the enjoyment of other  relations and other incidents incumbent with a  child and the parent child relationship.

70.     As a direct and proximate result of the negligence of the Defendants and each of them, the Plaintiffs have suffered and will continue to suffer a loss of consortium and other benefits in an amount that will be proven at the time of trial.

71.     As the proximate result of the negligence of the Defendants and each of them,  the Decedent died on June 27, 2008.

72.     As the proximate result of the negligence of the Defendants and each of them, Plaintiffs, as the Decedent's parents and heirs,  suffered the loss of the society,

comfort, care, and companionship of their son and incurred special and general damages relating to medical care and burial expenses and other expenses in an amount to be proved at trial.

73.    The negligence of the Defendants caused Plaintiffs emotional distress and depression, and loss of enjoyment of life.

74.    The Plaintiffs have suffered damages in the past, continue to suffer them presently, and will continue to suffer them into the future.

75.     As a proximate and legal cause of the Defendants and each of their negligence, it is probable that the Plaintiffs have suffered and will continue to suffer into the future all of the damages alleged in any and all paragraphs in this Complaint. Each of these damages and consequences of these injuries suffered by the Plaintiffs are likely to continue for the rest of the Plaintiffs' lives.

## THIRD CLAIM FOR RELIEF

(Breach of Duty of Common Carrier)

76.     The Plaintiffs incorporate herein by reference all paragraphs inclusive of this Complaint.

77.    The Defendants advertised their services across the United States via their internet advertisements and other advertisements in other media advertised that they would transport prisoners in a safe manner from different points in the county to other points in the county. As such, the Defendants held themselves out as and became common carriers who owed the Decedent the highest degree of care for the safety of the Decedent as a

passenger and had a duty to exercise a reasonable degree of skill to provide everything

necessary to meet that highest degree of care for the safety of the Decedent as common

carriers.

78.     As a common carrier, the Defendants were required to use the

highest degree of care for the safety of passengers, including the Decedent who was a

prisoner under the complete care, custody and control of the Defendants. The Defendants

as a common carrier had a duty to exercise a reasonable degree of skill to provide

everything necessary to meet this highest degree of care for the safety of the passengers

including the Decedent.

79.     The care required of the Defendants as a common carrier is the highest that

reasonablely can be exercised consistent with the type of transportation used, which  in this

matter, was the operation of the motor vehicle for hire for the transportation of prisoners

from one location to another location.  As a common carrier  the Defendants failed to use

this highest level of reasonable care and were negligent and failed to operate, maintain, and

use in its business operation as required of a common carrier.

80.     The Defendants' requirement of care is measured in the light of the best

precaution which at the time of the accident was in common practical use in the same

business and has proved effective. The Defendants failed to meet this standard of care  by

failing to operate the motor vehicle in a safe manner  as described herein in this Complaint.

This negligence, failure, and breach of it highest duty as a common carrier resulted in the

motor vehicle accident which caused the death of the Decedent and was the proximate cause of the Plaintiffs' loss of their son.

81.      The Defendants further knew or should have known in the exercise of its high duty to the Decedent, and other persons like the Decedent,  that the Decedent was a prisoner under their   care custody and control.   It was the Defendants' duty and the circumstances reasonably required to give special attention to the safety of the Decedent and other prisoners. The   Defendants operation of the motor vehicle negligent and breached the Defendants' duty to render the highest degree of care for their passengers' safety  including the Decedent's safety.

82.      The Decedent used reasonable care for his own safety and was not at fault in any way.   He feet and hands were shackled and he was helpless to take any action to protect himself. The Defendants knew or should have know that the Decedent was shackled and should have, but did not,  take precautions to ensure that the Decedent was secured by safety devices in the motor vehicle.   The Decedent, unlike the Defendants, was not required by the law to exercise the highest degree of care to avoid injury.

83.      At all times relevant, and at the time of the accident, the Decedent and the Defendants had a relationship of passenger and common carrier.

84.      The negligence of the Defendants and each of them and their agents and employees as described herein was the actual and proximate cause of this accident and the Decedent's  injuries and his death.

85.     As a proximate cause of the Defendants' negligent conduct, the Decedent suffered catastrophic physical injuries and death.

86.     As a proximate and legal cause of the Defendants and each of their negligence as described herein, the Decedent died as a result of the Defendants' negligence.

87.     As a proximate and legal cause of the Defendants and each of their negligence, the Plaintiffs and each of them sustained the loss of the love and consortium of their family and filial relationship with the Decedent.

88.     As a proximate and legal cause of the Defendants and each of their negligence, the Plaintiffs and each of them lost the financial and emotional support that they would have received from the Decedent had he not died.

89.     As a proximate and legal cause of the Defendants and each of their negligence,  the Plaintiffs suffered emotional and psychological damage and the pain, anguish, and mental suffering resulting from the Decedent's injuries and death including the loss of love and the loss of their physical and emotional relationship with the Decedent.

90.     As a proximate and legal cause of the Defendants and each of their negligence,  the Plaintiffs suffered non economic damages, including the pain and suffering, both mental and physical.

91.     As a direct and proximate result of the death of the Decedent, the Plaintiffs have sustained a loss of loss of love, companionship, comfort, care, assistance, protection,

affection,  society, moral support, and the loss of the enjoyment of other  relations and other

incidents incumbent with a  child and the parent child relationship.

92.    As a direct and proximate result of the negligence of the Defendants and each

of them, the Plaintiffs have suffered and will continue to suffer a loss of consortium and

other benefits in an amount that will be proven at the time of trial.

93.    As the proximate result of the negligence of the Defendants and each of them,

the Decedent died on June 27, 2008.

94.    As the proximate result of the negligence of the Defendants and each of them,

Plaintiffs, as the Decedent's parents and heirs,  suffered the loss of the society, comfort,

care, and companionship of their son and incurred special and general damages relating

to medical care and burial expenses and other expenses in an amount to be proved at trial.

95.     The negligence of the Defendants caused Plaintiffs'  emotional distress and

depression, and loss of enjoyment of life.

96.    The Plaintiffs  have suffered damages in the past, continue  to suffer them

presently, and will continue to suffer them into the future.

97.    As a  proximate  and  legal  cause  of  the  Defendants  and  each  of their

negligence, it is probable  that the Plaintiffs have suffered and will continue to suffer into the

future all of the damages alleged in any and all paragraphs in this Complaint.  Each of these

damages and consequences of these injuries suffered by the Plaintiffs are likely to continue

for the rest of the Plaintiffs' lives.

## IV.

## FOURTH  CLAIM FOR RELIEF

(Negligent Infliction of Emotional Distress Against All  Defendants As a Result of the Negligent Breach of the Defendants'  Duty to the Decedent)

98.     The Plaintiffs incorporate   herein by all paragraphs   inclusive of this Complaint.

99.     As a direct and proximate result of the Defendants'  negligent breach of their duty, including but not limited to their high degree of duty as a common carrier,  to the Decedent, the Plaintiffs have suffered physical and psychological injuries because of the emotional distress caused by that pain and suffering caused by the death of the Decedent their son  suffered as a result of the Defendants' breach of their duty to the Decedent as herein above alleged.

100.     The Plaintiffs further suffered physical and psychological injuries because of the emotional distress because of the loss of their son.

101.     The Defendants should have realized that their negligent  breach of their duty to the Decedent  involved an unreasonable risk of negligently causing emotional distress to the parents and heirs of the Decedent  as a result of the death of the Decedent.

102.     From the  facts known to Defendants, they should have realized that the emotional and psychological and physical injuries and distress, negligently caused by their negligence, might result in illness or bodily harm or psychological injury and suffering and

emotional distress to the families, parents, and heirs of the prisoners entrusted to them by various government entities for the safe extradition and transport.

103.    The negligent  breach of the Defendants' duty of care to the Decedent  was the actual and proximate cause of the Decedent's death and the resulting emotional distress of the Plaintiffs and any of their emotional or physical  injuries.

104.    As a proximate result of the Defendants' negligence, the Plaintiffs suffered emotional distress.

105.    As a further proximate result of the Defendants' negligent breach of the Defendants' duty, the Plaintiffs have endured pain and suffering in both body and mind in an amount to be established at trial.

106.    As a further proximate result of the Defendants' negligent breach of the Defendants' duty, the Plaintiffs have  been unable to go about their life and  business as they  could prior to the breach, and they have  sustained economic loss in the past, is sustaining economic loss in the present, and will sustain economic loss into the future.

107.    As a further proximate result of Defendants' negligent breach of the Defendants' duty,  the Plaintiffs have suffered a permanent loss of enjoyment of life and the negligent infliction of emotional distress.

108.    As a further proximate result of Defendants' negligent breach of the Defendants' duty, each and all of these damages will continue into the future.

**V.**

<u>**FIFTH   CLAIM FOR RELIEF**</u>

(Negligence Per Se)

109.      The Plaintiffs incorporate  herein by reference all paragraphs of this Complaint.

110.      On or about June 27, 2008, and the time of the accident, Plaintiffs are informed and believe that the Defendants were in violation of regulations and rules and statues governing the operation and supervision of motor vehicles and common carriers designed for the safety of persons.

111.      The statutes violated by the Defendants were enacted with the intent and purpose of protecting persons such as the Decedent  from  the hazards and harms of the type which occurred to the Decedent.

112.       But for the Defendants' violations of these regulations and rules and statues governing the operation and supervision of motor vehicles and common carriers and common carrier rules, regulations and statutes, the Decedent would not have sustained the catastrophic injuries which resulted in his death as described herein. Defendants' violation these regulations and rules and statues governing the operation and supervision of motor vehicles and of common carriers  were a substantial factor in causing the injuries and death to the Decedent as stated and complained of herein.

113.      In causing the injuries suffered by Decedent  through the violation of these regulations and rules and statues governing the operation and supervision of common

carriers and in violation of laws of commons carriers  and their rules, regulations and statutes, the Defendants committed negligence *per se.*

114.     As a proximate cause of the Defendants' negligent conduct, the Decedent suffered catastrophic physical injuries and death.

115.     As a proximate and legal cause of the Defendants and each of their negligence as described herein, the Decedent died as a result of the Defendants' negligence.

116.      As a proximate and legal cause of the Defendants and each of their negligence, the Plaintiffs and each of them sustained the loss of the love and consortium of their family and filial relationship with the Decedent.

117.     As a proximate and legal cause of the Defendants and each of their negligence, the Plaintiffs and each of them lost the financial and emotional support that they would have received from the Decedent had he not died.

118.     As a proximate and legal cause of the Defendants and each of their negligence,  the Plaintiffs suffered emotional and psychological damage and the pain, anguish, and mental suffering resulting from the Decedent's injuries and death including the loss of love and the loss of their physical and emotional relationship with the Decedent.

119.     As a proximate and legal cause of the Defendants and each of their negligence, the Plaintiffs suffered non economic damages, including the pain and suffering, both mental and physical.

120.     As a direct and proximate result of the death of the Decedent, the Plaintiffs have sustained a loss of loss of love, companionship, comfort, care, assistance, protection, affection, society, moral support, and the loss of the enjoyment of other relations and other incidents incumbent with a child and the parent child relationship.

121.     As a direct and proximate result of the negligence of the Defendants and each of them, the Plaintiffs have suffered and will continue to suffer a loss of consortium and other benefits in an amount that will be proven at the time of trial.

122.     As the proximate result of the negligence of the Defendants and each of them, the Decedent died on June 27, 2008.

123.     As the proximate result of the negligence of the Defendants and each of them, Plaintiffs, as the Decedent's parents and heirs, suffered the loss of the society, comfort, care, and companionship of their son and incurred special and general damages relating to medical care and burial expenses and other expenses in an amount to be proved at trial.

124.     The negligence of the Defendants caused Plaintiffs emotional distress and depression, and loss of enjoyment of life.

125.     The Plaintiffs have suffered damages in the past, continue to suffer them presently, and will continue to suffer them into the future.

126.     As a proximate and legal cause of the Defendants and each of their negligence, it is probable that the Plaintiffs have suffered and will continue to suffer into the future all of the damages alleged in any and all paragraphs in this Complaint. Each of these

damages and consequences of these injuries suffered by the Plaintiffs are likely to continue for the rest of the Plaintiffs' lives.

**V.**

**JURY DEMAND**

127.  Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiffs  demand a trial by jury of any issue triable of right by jury  upon the filing of this Complaint.

_____

WHEREFORE, the Plaintiffs pray  for Judgment as follows:

1.  On their First Claim for Relief, for general and special damages against the Defendants in an amount to be proven at trial, but in any event in an amount in excess of $75,000 exclusive of interest and costs.

2.  On their Second Claim for Relief, for general and special damages against the Defendants in an amount to be proven at trial, but in any event in an amount in excess of $75,000, exclusive of interest and costs.

3.  On their Third Claim for Relief, for general and special damages against the Defendants in an amount to be proven at trial, but in any event in an amount in excess of $75,000, exclusive of interest and costs.

4.  On their Fourth Claim for Relief, for general and special damages against the Defendants in an amount to be proven at trial, but in any event in an amount in excess of $75,000, exclusive of interest and costs.

5.       On their Fifth Claim for Relief, for general and special damages against the Defendants in an amount to be proven at trial, but in any event in an amount in excess of $75,000, exclusive of interest and costs

6.       On all Claims for Relief, for costs, pre- and post-judgment interest and attorney fees to the extent allowed by law  or within the Court in its discretion;

7.       On all Claims for Relief, for prejudgment interest on special damages to the extent allowed by law;

8.       For such other and further relief as the Court may deem appropriate.

Dated: June 25, 2010

/s/

_____

Charles A. Gruber
Attorney for Plaintiffs

Dated: June 25, 2010

/s/

_____

David L. Morgan
Attorney for Plaintiffs